MARKS BROTHERS COMPANY, Respondent, vs. GOOSSEN, Executrix, and others, imp., Appellant.

*December 5, 1928—January 8, 1929.*

564

For the appellant there was a brief by *Reginald I. Kenney,* attorney, and *C. F. Mikkelson,* of counsel, both of Milwaukee, and oral argument by *Mr. Kenney.*

*William L. Tibbs* of Milwaukee, for the respondent.

CROWNHART, J. The contract in writing between defendant L. A. Goossen and Lanham-McTighe Company speaks for itself, as it is not ambiguous. It is to be considered as a whole in the light of the surrounding circumstances.

It will be seen that the contract provided that Lanham-McTighe Company were to erect the building at a cost to defendant not exceeding $8,000; anything in excess of that sum was to be borne by Lanham-McTighe Company, and defendant was to have the benefit of any less amount. Lanham-McTighe Company were to be paid eleven per cent. of the cost price, subject to such limitation to cover overhead and services of Lanham-McTighe Company as the work progressed, as stated in the contract, and, on completion of the building, balance in full. Lanham-McTighe Company were to obtain waivers of liens of all materialmen. While six per cent. of the cost of the building is denominated in the contract to cover "services" of Lanham-McTighe Company, it is plain from the contract as a whole that such provision was only a way of limiting profits. Lanham-McTighe Company were to do the work according to their own

methods, employ their own help, make their own contracts, pay their own bills, and be reimbursed only as the work was completed.

The provision in the contract "that the actual cost of the building shall be on the basis of the cost of material and labor and the amount paid subcontractors" is significant as showing that the contract contemplated subcontractors such as plaintiff under the principal contractors, Lanham-Mc-Tighe Company. The changes in the door were provided for in the principal contract, whereby if any changes were made after the contract was signed, increasing the cost of the building, such increase should be added to the price fixed in the contract. The contract did not contemplate that the defendant was to pay any of the laborers or materialmen; nor did it authorize Lanham-McTighe Company to employ any laborers for defendant or buy any materials on defendant's account. There is no evidence that Lanham-McTighe Company employed any laborers on account of the defendant. It is true that Lanham-McTighe Company accepted the bid of plaintiff for "the owner," but no reliance was had by plaintiff on the owner. The owner was not charged for the millwork, and no bill was rendered the owner by plaintiff. It is plain that the contract did not authorize Lanham-McTighe Company to act as agent for the owner in purchasing materials.

The principal contractor, Lanham-McTighe Company, had a right under their contract with the defendant to purchase the millwork of plaintiff and bind the defendants' property, provided the plaintiff gave the notice required by sub. (1), sec. 289.02, formerly sec. 3315, Stats. *W. H. Pipkorn Co. v. Tratnik,* 161 Wis. 91, 152 N. W. 141. To that extent Lanham-McTighe Company were agents of the defendants by force of the statute, but only to that extent. Defendants' property was lienable only under the statute and as therein provided. The plaintiff was bound by this

limited authority of Lanham-McTighe Company, who had no other authority than given by the contract and the statutes.

So far as they apply in this case, the lien statutes of this state provide:

"289.01 (1) Every . . . corporation . . . which, as principal contractor, . . . furnishes any materials . . . in or about the erection . . . of any dwelling house . . . shall have a lien thereupon and upon the interest of the owner of any such building . . . and to the land upon which the same is situated. . . . Such lien . . . shall also attach to and be a lien upon the real property of any person upon whose premises such improvements are made, such owner having knowledge thereof and consenting thereto."

Sec. 289.02 applies to subcontractors:

"(1) Every . . . corporation . . . other than a principal contractor, who . . . furnishes any materials in any of the cases enumerated in section 289.01, shall within thirty days after . . . furnishing the first materials give notice in writing to the owner of the property upon which such . . . materials are being furnished . . . stating that he has been employed to . . . furnish materials, describing the real estate upon which the same is to be . . . furnished. . . .

"(2) Every . . . corporation . . . other than the principal contractor who . . . furnishes any materials . . . shall have the lien . . . given by this chapter, if he shall have given to the owner the notice provided in subsection (1) hereof. . . ."

The plaintiff relies upon the last sentence of sub. (1), sec. 289.01, to sustain its lien. But that sentence relates back to the first sentence and gives the lien therein mentioned to the principal contractor only, and not to a subcontractor.

We think Lanham-McTighe Company fell within sub. (1), sec. 289.01, as being "principal contractors" who furnished the things named in the statute for the building, and they would have a lien therefor.

An independent contractor is defined as "one who renders

service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." 4 Words & Phrases, 3542.

A principal contractor is defined:

"He is a person standing in direct relation to the proprietor and responsible to him, permitted, by the nature of his contract, ordinarily, to work out the plan thereof by subletting to others if he sees fit." *Farmer v. St. Croix Power Co.* 117 Wis. 76, 85, 93 N. W. 830.

A subcontractor is defined:

"A subcontractor, then, must be a person whose relation to the principal contractor is substantially the same as to a part of the work as the latter's relation is to the proprietor. He takes some distinct part of the work in such a way that he does not contemplate doing merely personal service." *Farmer v. St. Croix Power Co.* 117 Wis. 76, 93 N. W. 830.

Sub. (1) and (2), sec. 289.02, cover the plaintiff herein. Had it availed itself of the provision of this section by giving the required notice, defendants could have protected themselves under their contract, which required Lanham-McTighe Company to secure "waivers of lien from all material companies and subcontractors." However, plaintiff made no claim against the defendants until Lanham-McTighe Company failed, when it was too late to give the required notice, and it then sought to make its claim on the theory that it was a principal contractor.

Summed up, the contract was for a completed dwelling at a maximum price, to be built according to plans furnished by the contractors from materials and labor purchased by them, by their own methods, the owner paying therefor in part as the erection proceeded, and the balance on completion of the building free from liens. This contract made Lanham-McTighe Company the principal contractor, and plaintiff, from whom they purchased the millwork, a sub-

contractor entitled to a lien on the premises only upon giving the notice required in sub. (1) and (2), sec. 289.02 of the Statutes.

We think the trial court was in error in sustaining such claim as a lien on defendants' premises. It is unnecessary to consider other questions presented.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.