HOME OIL COMPANY v. HELTON.

Opinion delivered March 11, 1929.

134

*Bridges & McGaughy*, for appellant.

*G. E. Snuggs*, for appellee.

HART, C. J. Under § 6906 of Crawford & Moses' Digest, every mechanic, etc., or other person who shall perform any work upon or furnish any material for any building, erection, or improvement upon land, under or by virtue of any contract with the owner thereof or his agent, contractor or subcontractor, upon complying with the provisions of the act shall have a lien upon such building, erection or improvement, and the land on which it is erected. Section 6909 of the Digest provides that the lien for the things aforesaid shall attach to the buildings, erections, or other improvements for which they were furnished or work was done, in preference to any prior lien or mortgage existing upon said land. The section contains a proviso, however, that in all cases where

said prior lien or mortgage was given or executed for the purpose of raising money or funds with which to make such erection, improvement or building, then said lien shall be prior to the lien given by the act.

Under this proviso of the section of the statute, counsel for appellants claim that they are entitled to a reversal of the decree because, under the proof, the mortgage was given for the purpose of raising money with which to erect the storage station, and that the Sloan Oil Company, to whom the mortgage was given, could not be termed the contractor, under the statute giving mechanics' liens for labor done or materials furnished as above stated. They contend that the rights of the parties are fixed by the written contract of June 20, 1927, a part of which is copied in our statement of facts, and that, under and by virtue of its terms, the Sloan Oil Company could in no sense be termed a contractor within the meaning of our mechanics' lien statute.

On the other hand, counsel for appellees contends that the contract makes the Sloan Oil Company an original contractor for the construction of the storage station mentioned in the contract, and that the findings of fact made by the chancery court so term him.

We are of the opinion that counsel for appellees is correct. The term "contractor," as used in our statute relating to mechanics' lien, refers to one who, under a contract with the owner, agrees for a consideration to furnish the material, labor, and superintendence necessary to the erection of the building or other improvement on the owner's premises. It is true that the contract contemplated that G. C. McGraw should operate a storage station on certain lots to be purchased by him in Star City, Arkansas, and that he should buy all his gasoline and oil products from the Sloan Oil Company, but the contract also provided that the Sloan Oil Company should erect the storage station. The language used in McGraw's agreement to purchase from the Sloan Oil Company is "one bulk storage station, complete and

ready for operation, for the sum of $7,432.'' After stating the manner and the time in which the different payments shall be made, the contract recites that they represent the payment in full for the bulk storage station, complete and ready for operation. It is fairly inferable from the language used that the Sloan Oil Company was to furnish the material and labor necessary for the erection of said bulk storage station and to superintend its erection, in accordance with the plan and specifications agreed upon between the parties.

The lots upon which the storage station was to be erected were to be purchased by McGraw. The lots were purchased by him before the mortgage on them was executed by him to the Sloan Oil Company. Our statute gives subcontractors, laborers and materialmen a lien upon the improvement, and this is based upon the right of the implied agency of the original contractor to find the owner's title. If the owner could give a mortgage to the principal contractor and thereby defeat the rights of subcontractors, laborers and materialmen, then we would have the case of the owner and the principal contractor making a contract which would have the effect of abrogating a statute lawfully enacted by the Legislature. This could not be done.

The word ''contractor'' as used in the statute means a person engaged in making a contract with the owner for the improvement of certain real estate. The other persons referred to in the statute embrace that class who may furnish material for the improvement of the real estate under a contract with the principal contractor. The statute creates a lien in their favor when certain conditions are complied with by them. Giving the words above referred to the meaning which we have attributed to them, it will be readily seen that, if the Sloan Oil Company is to be treated as a principal contractor, he could make no contract with the owner of the lots upon which the improvement was to be made which would result in defeating the liens given by statute to subcontractors, laborers and materialmen who have performed

labor or furnished material for the construction of the improvement.

It does not make any difference that the Home Oil Company and the State Bank of Cowden are innocent purchasers of the notes for value before maturity. They could acquire no greater rights than the Sloan Oil Company, which was the mortgagee. .Being innocent purchasers for value of the notes before maturity, the Home Oil Company and the State Bank of Cowden would be entitled to recover judgment against McGraw as the maker of the notes, but this would not give them the right to have a lien on the lots in question prior to the lien given by statute in favor or the subcontractors, laborers and materialmen.

Therefore the decree will be affirmed.