**BROOKS et al. v. SUPERIOR OIL CO.**

No. 14429.

United States Court of Appeals
Eighth Circuit.

July 15, 1952.

Rehearing Denied Aug. 19, 1952.

Bernard Whetstone, El Dorado, Ark., for appellants.

H. W. Varner, Houston, Tex. (Davis & Allen, El Dorado, Ark., and W. B. Wagner, Houston, Tex., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

The judgment of dismissal from which the plaintiffs in the action take this appeal was rendered pursuant to a ruling which sustained a motion made by the sole defendant, Superior Oil Company, for summary judgment in its favor. The plaintiffs had filed a Response to defendant's Motion for Summary Judgment which Response included a prayer for summary judgment in plaintiffs' favor, and both parties filed affidavits. No answer to the complaint was filed. The submission of the case in the manner stated was in effect by agreement of the parties. The diversity of citizenship and amount in controversy establishing federal jurisdiction were shown by the petition for removal of the case from the Circuit Court of Ashley County, Arkansas, to the federal court. The court accompanied its ruling on defendant's motion and entry of judgment of dismissal with its opinion, which is reported as Brooks v. Superior Oil Company, D.C., 96 F.Supp. 641, and is here referred to to avoid unnecessary duplication of statement.

It appears from the record on this appeal that the plaintiffs in the action were materialmen who furnished material amounting to $2,576.32 between October 1, 1949, and December 16, 1949, to one Claud R. McSpadden, who used it in the drilling of an oil well under a contract with defendant Superior Oil Company on a described oil and gas leasehold estate belonging to defendant. The plaintiffs took proper steps under the Arkansas materialmen's lien law to perfect a materialmen's lien on the oil and gas leasehold property, including certain pipe sold by defendant to McSpadden for use in the well, and late in December of 1949 they brought their action in the Chancery Court of Ashley County against the oil company defendant here, McSpadden and others, to obtain foreclosure of the lien and satisfaction of the debt secured thereby. Before judgment was obtained the defendant oil company

sold the property on which the lien was asserted and thereafter the decree which was entered in the lien foreclosure case dismissed the action as to the oil company with costs and awarded a money judgment only for the price of the materials against McSpadden and a foreclosure of his interest in the leasehold, if any he had, to satisfy the judgment against him.

The materialmen plaintiffs then brought this action against the oil company alleging that by its sale of the leasehold and removal of the pipe it had "converted the interest in the leasehold and the pipe, both in a general legal sense, and also in specific violation of Act #615 of the Acts of 1923 and especially Section 5 thereof (Section 51–705 of the Arkansas Statutes of 1947.)"[1] They prayed for a money judgment against the oil company for the damages for the conversion, the items of damages claimed aggregating $3,023.09.[2]

The trial court, as shown in its opinion, concluded from its study of the facts and circumstances drawn from the complaint, the motion, the response and the affidavits, that McSpadden did not bear the relation of "contractor" to the Superior Oil Company, the owner of the leasehold on which McSpadden contracted to and was engaged in drilling an oil well and that the plaintiffs did not become entitled to a materialman's lien against the company's property by reason of the furnishing of the material to McSpadden. The court stated, 96 F. Supp. at page 646:

"At the time the materials were furnished, McSpadden owned no interest whatsoever in the leasehold estate. He was not an agent of the defendant to drill the well nor was he a contractor of the defendant within the meaning of the statute. The mere fact that he was in possession of the leasehold interest and was engaging in drilling the well was not sufficient to make him an owner, and any person that furnished him materials or supplies did so at their peril insofar as obtaining a lien on the leasehold interest was concerned."

"The plaintiffs failed to contract with the owner of the leasehold estate and, under the terms of the statute, could not acquire a lien upon the lease-

---

1. "51–705. Sale or removal of property subject to lien—Remedies of lienholders.—When the lien herein provided for shall have attached to the property covered thereby, neither the owner of the land nor the owner of said oil, gas or mineral leasehold interest therein, nor the owner of any gas pipe line or oil pipe line nor the contractor, nor the subcontractor nor the purchaser, nor the trustee, receiver or agent, of any such owner, lessor, lessee, contractor, subcontractor or purchaser, shall either sell or remove the property subject to said lien or cause same to be removed from the land or premises upon which they were to be used or otherwise sell or dispose of the same without the written consent of the holder of the lien hereby created; and in case of any violation of the provision of this article (section) the same lien holder shall be entitled to the possession of the property upon which said lien exists wherever found, together with the land or leasehold to which such property may have been attached, and to have the same then sold for the payment of his debt, whether said debt has become due or not."

Section 51–706, reads: "Remedy cumulative.—The provisions of this act (§§ 51–701—51–710) shall not be construed to deprive or abridge materialmen, artisans, laborers, or mechanics of any rights and remedies, now given them by law, and the provisions of this act shall be cumulative of the present lien laws of this State except as herein repealed or modified."

2. Section 4 of the petition for removal reads:

"In this cause Plaintiffs alleged that Defendant has converted an interest in an oil and gas leasehold estate and certain pipe, the value of which exceeds $3,000.00, and by that act Plaintiffs have been damaged in an amount equal to the sum of (a) $2576.32, (b) interest on said amount at the rate of 6 per cent per annum from December 16, 1949, which, as of March 1, 1951, amounted to $186.77, (c) the amount of costs incurred in a prior cause in the Chancery Court of Ashley County, Arkansas, mentioned in the complaint of Plaintiffs, which costs exceed $60.00, and (d) $200.00 as punitive damages. Therefore, Plaintiffs sue Defendant for damage for such alleged wrongful action in an amount in excess of $3,000.00, exclusive of interest and costs in this action."

hold estate because it was owned by the defendant. See, Section 51–701 [Arkansas Statutes 1947]."

The court cited and relied heavily on Roberts v. Tice, 198 Ark. 397, 129 S.W.2d 258, 122 A.L.R. 1177, and Mansfield Lumber Co. v. Gravette, 177 Ark. 31, 5 S.W.2d 726.

But in reaching its conclusions the court did not have before it the decision of the Supreme Court of Arkansas in the case of Superior Oil Company v. Etheridge, Ark., 242 S.W.2d 718, 721, which was handed down July 9, 1951, and rehearing denied October 22, 1951. That case involved the claim of one Etheridge to a materialman's lien for materials furnished by him to McSpadden at about the same time the plaintiffs here furnished their materials, and the Supreme Court of Arkansas considered the same contract between Superior Oil Company and McSpadden for the drilling of an oil well on Superior's property that is attached to plaintiffs' complaint and relied on by plaintiffs in this case. The Supreme Court also considered the same circumstances and contentions and defenses that were relied on by Superior in this case to defeat the plaintiffs' claim of lien on the leasehold estate.

The Supreme Court of Arkansas held that under the law of Arkansas "Superior was the 'owner' of the oil and gas leasehold and made an agreement, with McSpadden looking toward the 'improvement' of the leasehold estate, so McSpadden was a 'contractor'" within the statute and that Etheridge was entitled to a lien on Superior's leasehold.

The Supreme Court said on pages 720 and 721 of 242 S.W.2d of its opinion, supra:

"Superior says: 'Plaintiff Was Entitled To No Lien Upon the Leasehold Involved and Equipment Thereon, Under Section 51–701, Arkansas Statutes.'

"This brings us to the real controversy in the case—i. e., whether Eth

eridge is entitled to a lien under Act 615 of 1923.[1] Sec. 51–701, Ark.Stats., contains germane language: 'Any person * * * who shall under contract, express or implied * * * with the owner * * * of any * * * mineral leasehold interest in land * * * or with the * * * *agent* * * * of any such owner * * * furnish * * * machinery or supplies, used in * * * operating, completing, equipping * * * or repairing * * * such * * * well * * * shall have a lien on the whole of such * * * leasehold interest * * * and upon all * * * buildings and appurtenances, including pipeline * * * for which said materials and supplies were furnished * * *.' (Italics supplied.)

"In the light of the contractural relations between Superior and McSpadden, it is possible that McSpadden was an 'agent' of Superior within the purview of the above quoted Statute, to the extent of the enforcement of the lien herein involved. But our decision need not be put on that ground, because Etheridge is clearly entitled to a lien under Sec. 51–703, Ark.Stats., the germane language of which reads: 'Any person * * * who shall furnish * * * material or supplies to a *contractor* * * * shall have a lien upon the * * * leasehold interest * * * or lease for oil or gas purposes, the buildings and appurtenances, and * * * oil or gas pipeline * * * in the same manner and to the same extent as the original *contractor*, for the amount due him for the material furnished * * *.' (Italics supplied.)

"In Home Oil Co. v. Helton, 179 Ark. 132, 14 S.W.2d 549, 550, we had under consideration the definition of a 'contractor' under our mechanics' lien statute, and we said: 'The term "contractor," as used in our statute relating to mechanics' liens, refers to one who,

1. "We are not considering Etheridge's claim to a lien for labor under Act 513 of 1923 (now found in Sec. 51–320, Ark. Stats.), because there is no evidence as to labor that Etheridge personally performed, as distinct from the labor that he hired. See Sain v. R. Abramson Co., 218 Ark. 415, 236 S.W.2d 585."

under a contract with the owner agrees for a consideration to furnish the material, labor, and superintendence necessary to the erection of the building or other improvement on the owner's premises. * * *

" 'The word "contractor," as used in the statute, means a person engaged in making a contract with the owner for the improvement of certain real estate.'

"Superior was the 'owner' of the oil and gas leasehold and made an agreement, with McSpadden looking toward the 'improvement' of the leasehold estate so McSpadden was a 'contractor'.[2]

"The 'letter agreement' between Superior and McSpadden, and his work thereunder, made McSpadden a 'contractor' for the drilling of the well; and under Sec. 51–703, Ark.Stats., Etheridge, in furnishing materials to McSpadden, became entitled to a lien, just the same as a contractor would have been entitled to one under Sec. 51–701. In other words, we construe the concluding language of Sec. 51–703 (i. e., 'in the same manner and to the same extent as the original contractor') to mean that a supplier of materials to a contractor, under Sec. 51–703, has a lien just as a contractor has a lien under Sec. 51–701.[3]

"Superior says that the 'letter agreement' between it and McSpadden was unilateral and therefore McSpadden was not a contractor. Assuming, without deciding, that the original agreement might have been unilateral, nevertheless, McSpadden actually performed work and labor under the 'letter agreement', and such performance made him a contractor, irrespective of what might have been the original status. See Mid-Continent [Petroleum Corp.] v. Russell, 10 Cir., 173 F.2d 620.

"Superior claims that Roberts v. Tice, 198 Ark. 397, 129 S.W.2d 258,

122 A.L.R., 1177, supports Superior in its contention; but that case is factually different from the one at bar."

The Court observed in a footnote to its opinion, "In reaching our conclusion, we have carefully considered the case of Brooks v. Superior Oil Co., D.C., 96 F. Supp. 641", and its intention obviously was to indicate that its exposition of the Arkansas lien law was contrary to the trial court's conclusions in this case. Etheridge obtained full recovery from Superior at the hands of the Arkansas Supreme Court for his materials furnished to McSpadden.

■■ Unquestionably, we are bound to declare and apply the Arkansas law in this case as we find it laid down in this latest pronouncement of the Supreme Court of Arkansas, Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and it is so manifest on the face of Judge Miller's opinion that he took a different view of that law and reached his conclusions and entered his judgment upon a different understanding of it, that we see no good purpose to be served by discussion of the minutiæ of details that add up to completely opposed judgments. It must be held that there is error in the judgment before us in failure of the trial court to apply the law of Arkansas as it is established and declared by the Arkansas Supreme Court.

In order to sustain the judgment in its favor notwithstanding the error of the trial court, the Superior Oil Company has contended here that the plaintiffs were estopped to maintain this conversion action by reason of the adjudication against them and in favor of Superior Oil Company in the suit they brought against it, McSpadden and others, in the Chancery Court of Ashley County, which proceeded to final judgment December 18, 1950. It is urged that the judgment constituted res adjudicata against the plaintiffs of the issues here.

But the judgment here complained of was

---

2. "In Arkansas State Licensing Board v. Lane, 214 Ark. 312, 215 S.W.2d 707, we again defined the word, 'contractor'."

3. "In reaching our conclusion, we have carefully considered the case of Brooks v. Superior Oil Co., D.C., 96 F.Supp. 641."

entered, as stated, on the ruling on the defendant's motion for summary judgment and that motion did not present any claim of res adjudicata or estoppel by judgment. It is admitted in appellee's brief in accord with the fact that "evidence of the former adjudication and the issues and facts upon which same was based is not fully shown in the record". The extended and carefully prepared opinion of the trial court shows that it did not pass upon or rest its decision on res adjudicata or estoppel by judgment. This court must therefore decline to pass upon that issue.

Because the trial court erred in its exposition and application of the materialmen's lien law of Arkansas, the judgment appealed from is reversed and the case is remanded for new trial in accord with that law.

Reversed and remanded.