**BROOKS et al.**

v.

**SUPERIOR OIL CO.**

**No. 14806.**

United States Court of Appeals
Eighth Circuit.

March 3, 1954.

Bernard Whetstone, El Dorado, Ark., for appellants.

H. W. Varner, Houston, Tex., and B. L. Allen, El Dorado, Ark. (Davis & Allen, El Dorado, Ark., and W. B. Wagner, Houston, Tex., on the brief), for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The Superior Oil Company owned a leasehold in Ashley County, Arkansas, known as the "Bradley Lease". One oil well, designated Bradley No. 1, had already been brought in but was not in production. On June 7, 1949, appellee wrote one Claude R. McSpadden proposing the following agreement. Superior was to assign the lease to McSpadden, reserving only certain overriding royalty rights in oil produced from the leasehold, if McSpadden would drill another well on the property to a depth of 6,100 feet. By a second letter of July 15, 1949, an additional provision was imposed that McSpadden was to improve and make a producer of Bradley No. 1. McSpadden was also to receive the proceeds from this well under the contemplated assignment, and in the event of forfeiture was to be reimbursed for "reasonable and necessary expense incurred" in producing and marketing the production of this well. But until and unless McSpadden performed his part of the agreement, he got nothing. Indicative of the tenor of the agreement is the following language therefrom:

"This agreement may not be recorded or assigned by you or by you made the

subject of any lien or contract either voluntarily or involuntarily without the written consent of this company first had and obtained and any action in violation of any of the provisions of this act shall cause all of your rights hereunder to terminate without notice."

McSpadden also bought some pipe from Superior under a conditional sales agreement, whereby the title remained in Superior until payment was made. He paid nothing on the contract and made a written acknowledgment of its forfeiture.

McSpadden set the pumping unit on Bradley No. 1 and produced one hundred barrels in the ensuing five months where Superior had produced three hundred barrels in two weeks. He arranged the delivery of one tank truck load of oil to the Lion Oil Refinery for which compensation was never received. McSpadden drilled the well to the required depth, got a dry hole, and absconded.

Brooks and Jean, a partnership doing business as Brooks and Jean Lumber and Supply Company, furnished materials to McSpadden for the drilling of the latter well. They brought suit in the Chancery Court of Ashley County, Arkansas, against McSpadden for the value of the materials and to establish a lien therefor on the leasehold and on the pipe which they assumed McSpadden owned or had an interest in. Superior and two individuals were made defendants with McSpadden on the theory that the drilling operations were a joint venture of the four. Superior transferred the lease and other property to a stranger to the foregoing transactions. Judgment was obtained against McSpadden only, and Brooks and Jean were decreed a lien on only such interest "if any" as McSpadden had in the leasehold and property thereon. That judgment was affirmed by the Arkansas Supreme Court. Brooks v. McSpadden, 219 Ark. 718, 244 S.W.2d

144. Brooks and Jean then brought this action in the Circuit Court of Ashley County, Arkansas, against Superior alone, upon the theory that Superior had transferred property upon which Brooks and Jean had a lien without the latter's consent, in violation of Sec. 51–705 of the 1947 Arkansas Revised Statutes, with the result that under that statute Superior was liable for the debt. The cause was removed to the United States District Court. Motion by Superior for summary judgment was sustained, Brooks v. Superior Oil Co., 96 F.Supp. 641, and reversed by this court for trial. Brooks v. Superior Oil Co., 8 Cir., 198 F.2d 89. The cause was tried by the court without a jury. After a full presentation of the facts, the trial court dismissed the complaint and entered judgment for the defendant, Superior. 108 F.Supp. 665.

Appellants contend that the contract between Superior and McSpadden was fully performed on the latter's part and that by the terms of the contract the assignment of the lease was thereon completed, to which interest appellants' lien attached. Appellee contends that this is rather an offer for a unilateral contract and as such has never ripened to contractual status. However, the trial court held that McSpadden did not produce and market the oil from Bradley No. 1, and the record does not disclose any evidence which would warrant a reversal of this finding. Therefore, McSpadden received no interest in the leasehold by virtue of said letters, because even if they did constitute a contract, partial performance does not entitle recovery in the absence of fault of the party entitled to demand full performance. Frank v. Allegheny County, 3 Cir., 119 F.2d 614.

Appellants contend that under Sec. 51–703 of the 1947 Arkansas Revised Statutes,[1] the leasehold owned by

---

1. "Any person * * * who shall furnish * * * material or supplies to a contractor * * * shall have a lien upon the * * * leasehold interest * * * in the same manner and to the same extent as the original contractor, for the amount due him for the material furnished * * *." Sec. 51–703, Arkansas Statutes of 1947.

Superior was subject to appellants' lien by virtue of their alleged claim for supplies and materials furnished to McSpadden. As this court stated on the former appeal, we must apply the law of Arkansas in determining whether under the Arkansas lien statute, supra, Brooks and Jean had such a lien. On the former appeal the cause was remanded because it appeared from the opinion in Superior Oil Co. v. Etheridge, 219 Ark. 289, 242 S.W.2d 718, that such contingency was more than possible. The question of whether this issue had been determined in the prior state court case between these same parties and hence was res judicata was not determined because of an insufficient record basis therefor. Upon the former appeal we said [198 F.2d 92]:

"In order to sustain the judgment in its favor notwithstanding the error of the trial court, the Superior Oil Company has contended here that the plaintiffs were estopped to maintain this conversion action by reason of the adjudication against them and in favor of Superior Oil Company in the suit they brought against it, McSpadden and others, in the Chancery Court of Ashley County, which proceeded to final judgment December 18, 1950. It is urged that the judgment constituted res adjudicata against the plaintiffs of the issues here.

"But the judgment here complained of was entered, as stated, on the ruling on the defendant's motion for summary judgment and that motion did not present any claim of res adjudicata or estoppel by judgment. It is admitted in appellee's brief in accord with the fact that 'evidence of the former adjudication and the issues and facts upon which same was based is not fully shown in the record'. The extended and carefully prepared opinion of the trial court shows that it did not pass upon or rest its decision on res adjudicata or estoppel by judgment. This court

must therefore decline to pass upon that issue."

Upon remand the pleadings were amended and the facts relating to the issue of res judicata were fully developed.

■ If the issue of lien or no lien has been determined by the Arkansas courts we must apply that determination. The situation is unusual. Simply stated, the contract involved in both the Etheridge case and in Brooks v. McSpadden was the same. In the Etheridge case, Etheridge had furnished materials to McSpadden. Whether he, Etheridge, had a lien on Superior's property depended on whether under McSpadden's contract with Superior, McSpadden was a "contractor" for Superior, within the meaning of the Arkansas Lien Statute. If he was a "contractor" the lien existed. If not, there was no lien. The Supreme Court of Arkansas in the Etheridge case held that McSpadden was such a "contractor" and that Etheridge had a lien on Superior's property. Brooks and Jean presented the same contract between McSpadden and Superior to a different state trial court, predicating their claim to a lien against Superior's property upon the same theory Etheridge adopted in his case, to wit, that McSpadden was a contractor for Superior and hence under the statute they, Brooks and Jean, were entitled to a lien on Superior's property for the materials they furnished McSpadden. But the state trial court held against them and denied them a lien on Superior's property. On appeal to the Arkansas Supreme Court the latter court was importuned to reverse on the ground that the contract involved was the same one upon which that court had held that Etheridge was entitled to a lien. The Arkansas Supreme Court, however, was unable to say whether the contract was the same in both cases, because of an insufficient record, and affirmed the judgment of the trial court holding that Brooks and Jean were entitled to no lien on Superior's property under the contract. We may with considerable assurance assume that if the Arkansas Su-

preme Court had been adequately advised from the record before it in Brooks v. McSpadden that the result on the appeal of that case would have been different. But we are controlled not by what might have happened but by what the Arkansas courts actually did. Actually, the Arkansas Chancery Court held there was no lien against Superior's property and the Supreme Court affirmed. The identical question is now presented in this cause. If we apply the lien laws of Arkansas to the contract involved and hold that Brooks and Jean are entitled to a lien on Superior's property, we will be readjudicating the identical issue determined between the same parties contrary to the mandate of the Arkansas courts. That may not be done. Eiermann v. Beck, Ark., 252 S.W.2d 388; Gosnell Special School District No. 6 v. Baggett, 172 Ark. 681, 290 S.W. 577; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. The question has been determined and is res judicata.

Our attention is directed to the case of Harris v. Whitworth, 213 Ark. 480, 211 S.W.2d 101, in support of the argument that the conditional sales contract for the pipe need not have been made one of the bases of Brooks and Jean's claim in the "Chancery" case and hence any claim they may now have arising under the Arkansas lien statute out of that contractual relationship between McSpadden and Superior is not res judicata. If there be any doubt on that subject it is effectually removed by the fact that the existence of the lien on Superior's property depended upon the construction given the other contracts between McSpadden and Superior. Brooks and Jean presented those other contracts to the Chancery Court and received a holding, affirmed by the Supreme Court, that under those contracts the relationship necessary to the existence of the liens did not exist. Brooks and Jean had no right to impress a lien on the pipe, absent such relationship.

Hence, the Chancery Court decree effectively settled that question.

As heretofore noted, one of the specific provisions of the McSpadden-Superior agreement was the promise by Superior to reimburse McSpadden for reasonable and necessary expense in producing Bradley No. 1, in the event of forfeiture under the agreement. Appellants claim a lien on this alleged right of reimbursement, since McSpadden incurred a minimum expense of $3000 in putting the well into production. However, this charge of $3000 was never paid by McSpadden so it would seem elementary that McSpadden has not nor never had any right of reimbursement to which a lien could attach.

Since the question of whether Brooks and Jean are entitled to a lien on Superior's property under the Arkansas statute is set at rest by the "Chancery" case, the only remaining debatable ground upon which they could have a claim against Superior is that McSpadden had an equitable interest in the leasehold and the pipe under his contracts with Superior. The trial court correctly concluded that McSpadden's possible future contingent interest in the leasehold and in the pipe, under the conditional sales contract therefor, had not and never did ripen into a possessory right or interest to which the claims against McSpadden could attach.

The contention that the bond Superior gave in the "Chancery" case, to release its property from the attachment Brooks and Jean initiated, obligated Superior to pay these claims made against McSpadden is without merit. The bond by its terms bound Superior to pay any final judgment against it. There was none. It further bound Superior to deliver any property released by the bond or the value thereof which might be found to be subject to a lien of Brooks and Jean. There was no such finding or judgment.

The judgment of the trial court must be and is affirmed.